# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

RODNEY C. JONES,                    )
                                   )
                Plaintiff,         )
                                   )
v.                                 )    Case No. CIV-13-411-JHP-KEW
                                   )
CAROLYN W. COLVIN, Acting          )
Commissioner of Social             )
Security Administration,           )
                                   )
                Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Rodney C. Jones (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act.  Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled.  For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See,* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on February 25, 1964 and was 47 years old at the time of the ALJ's decision. Claimant completed his high school education and some college classes. Claimant has worked in the past as a contractor carpenter, field service supervisor, truck

3

driver, and heavy equipment operator. Claimant alleges an inability to work beginning May 16, 2008 due to limitations resulting from pain and numbness in the neck, back, elbows, hip, and ankles.

## Procedural History

On August 11, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Trace Baldwin ("ALJ") on October 6, 2011 in McAlester, Oklahoma. The ALJ issued an unfavorable decision on March 8, 2012. On July 17, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform sedentary work with restrictions.

## Error Alleged for Review

Claimant asserts the Appeals Council committed error in

failing to consider the Department of Veterans Affairs rating decision evidence. He also contends the ALJ erred in relying upon the testimony of the vocational expert which was inconsistent with the *Dictionary of Occupational Titles*.

**Consideration of the Rating of the Veterans Administration**

In his decision, the ALJ determined Claimant suffered from the severe impairments of mild degenerative disc disease of the cervical spine, mild degenerative disc disease of the lumbar spine, degenerative joint disease of the left hip status post total hip arthroplasty, carpal tunnel syndrome of the right hand, Dupuytren's disease status post surgery right small finger and bilateral cubital tunnel syndrome of the elbows bilaterally status post transposition of the ulnar nerve. (Tr. 17). He concluded that Claimant retained the RFC to perform sedentary work except that he could only occasionally climb ramps and stairs, balance, kneel, and crouch. He could frequently stoop but never crawl or climb ladders, ropes, or scaffolding. Claimant was found to have limited gross and fine manipulation bilaterally. (Tr. 22). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative job of escort vehicle driver which the vocational expert testified existed in sufficient numbers in the regional and national economies. (Tr. 30). Based upon these

findings, the ALJ concluded Claimant was not disabled from May 16, 2008 through the date of the decision.  Id

Claimant contends the Appeals Council failed to properly consider the disability rating given him by the Department of Veterans Administration ("VA").  Claimant submitted a letter dated January 21, 2013 from the VA which reflected that his combined service connected disability rated was 80%.  (Tr. 6-8).  He also submitted a letter from the VA dated July 2, 2012 which stated that Claimant "is entitled to receive service connected compensation at the 100 percent rate effective June 20, 2011."  (Tr. 9).

In response to receiving this evidence, the Appeals Council's Notice states:

> We also looked at the medical reports from the Department of Veterans Affairs dated July 2, 2012 (2 pgs.) and January 21, 2013 (4 pgs.).  These documents are not material because for Social Security purposes they are not relevant to a claim for disability.  Therefore, it does not affect the decision about whether you were disabled beginning on or before March 8, 2012.

(Tr. 2).

Additional evidence submitted after the ALJ's decision but before the administrative review by the Appeals Council must be considered if it is new, material, and related to the period on or before the date of the ALJ's decision.  Chambers v. Barnhart, 389

F.3d 1139, 1142 (10th Cir. 2004). Whether evidence is "new, material and chronologically pertinent is a question of law subject to our *de novo* review." Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003).

The VA report is both new - it was not before the ALJ when he made his decision - and material - the ALJ's decision might reasonably have been different if the new evidence had been before him when the decision was rendered. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996); Cagle v. Califano, 638 F.2d 219, 221 (10th Cir. 1981). Moreover, "[a]lthough findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." Baca v. Dept. of Health & Human Serv., 5 F.3d 476, 480 (10th Cir. 1993) quoting Fowler v. Califano, 596 F.2d 600, 603 (3rd Cir. 1979). An ALJ is required to discuss the "significance of the VA's disability evaluation" in his decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). As a result, this case must be remanded for the ALJ to consider the VA disability rating.

### Step Five Analysis

Claimant also contends the vocational expert's testimony was inconsistent with the *Dictionary of Occupational Titles ("DOT")*. The ALJ included a restriction in the RFC for "limited gross and

fine manipulation bilaterally." (Tr. 22). In the ALJ's hypothetical questions, the ALJ stated that the term "limited" meant "occasional." (Tr. 65). The vocational expert testified that Claimant could perform the job of escort vehicle driver under the ALJ's hypothetical questioning. (Tr. 65-66). The *DOT* indicates that the job of escort vehicle driver requires frequent handling. *DOT*, 919.663-002. The ALJ must ask a vocational expert how his testimony as to the exertional requirement of the identified jobs corresponds with the *DOT*, and elicit a reasonable explanation for any discrepancy. <u>Haddock v. Apfel</u>, 196 F.3d 1084, 1087 (10th Cir. 1999). "[T]he ALJ must investigate and elicit any reasonable explanation for any conflict between the *Dictionary* and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." <u>Id</u> at 1091.

Neither the ALJ nor the vocational expert explained the apparent discrepancy between the testimony and the *DOT*. As a result, this case must be remanded for the ALJ to resolve this inconsistency.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not

applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE